BOWMAN AND BROOKE LLP
Paul G. Cereghini (SBN 148016)
Ryan L. Nilsen (SBN 310642)
Ian G. Schuler (SBN 275052)
750 B Street, Suite 1740
San Diego, CA 92101
Tel: (619) 376-2500
Fax: (619) 376-2501
paul.cereghini@bowmanandbrooke.com
ryan.nilsen@bowmanandbrooke.com
ian.schuler@bowmanandbrooke.com

Attorneys for Defendant
POLARIS INDUSTRIES INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CAUBLE, an individual, and LAURIE CAUBLE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES, INC., a Minnesota Corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00658-W-BLM<br><br>**(Removed from San Diego Superior Court Case No. 37-2017-00002627-CU-PL-CTL)**<br><br>**POLARIS INDUSTRIES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>District Judge:   Hon. Thomas J. Whelan<br>Magistrate Judge:  Hon. Barbara L. Major |

Defendant Polaris Industries Inc. ("Polaris"), for itself alone and no other parties, answers Plaintiffs' complaint, as follows:

**JURISDICTION AND VENUE ALLEGATIONS**

1.   As to Paragraph 1 of the complaint, Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph, and therefore denies the same.

2.   As to Paragraph 2 of the complaint, Polaris admits the allegations in this paragraph.

3.   As to Paragraph 3 of the complaint, Polaris lacks sufficient knowledge or

information to form a belief about the truth or falsity of the allegations in this paragraph, and therefore denies the same.

4. As to Paragraph 4 of the complaint, Polaris admits that it is engaged in the business of designing, in part, manufacturing, in part, assembling, in part, and marketing recreational vehicles. Polaris further admits that it sells recreational vehicles to authorized dealers, including in San Diego County. Polaris denies any remaining allegations in this paragraph.

5. As to Paragraph 5 of the complaint, Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph, and therefore denies the same.

6. As to Paragraph 6 of the complaint, Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph, and therefore denies the same.

7. Polaris denies the allegations in Paragraph 7 of the complaint.

## GENERAL FACTUAL ALLEGATIONS

8. As to Paragraph 8 of the complaint, Polaris admits that it is engaged in the business of designing, in part, manufacturing, in part, assembling, in part, distributing, and selling recreational vehicles to authorized dealers. Polaris denies the remaining allegations in this paragraph.

9. As to paragraph 9 of the complaint, Polaris admits that 2014 Polaris RZR 1000-model vehicles are "high-performance recreational vehicle[s]," but lacks information sufficient to form a belief about the truth or falsity of the reference to unidentified "product advertising, photos and brochures," and therefore denies the same. Polaris denies any remaining allegations in this paragraph.

10. Polaris denies the allegations in Paragraph 10 of the complaint.

11. As to Paragraph 11 of the complaint, Polaris denies the subject RZR 1000 was defective or caused Plaintiff's alleged injuries; and denies that Plaintiff's arm was "thrust out of the occupant compartment," as alleged. Polaris lacks sufficient knowledge

or information to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 11, and therefore denies the same.

12. As to Paragraph 12 of the complaint, Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations in this paragraph, and therefore denies the same.

13. As to Paragraph 13 of the complaint, Polaris denies that the 2014 RZR 1000 was defectively designed, manufactured, assembled, or distributed; and denies that it has a "propensity to laterally roll in low speed turning movements." Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 13, and therefore denies the same.

14. Polaris denies the allegations in Paragraph 14 of the complaint.

15. Polaris denies the allegations in Paragraph 15 of the complaint.

16. Polaris denies the allegations in Paragraph 16 of the complaint.

17. Polaris denies the allegations in Paragraph 17 of the complaint.

## FIRST CAUSE OF ACTION
(Strict Products Liability)

18. As to paragraph 18 of the complaint, Polaris repeats, re-alleges, and incorporates by reference its answers to paragraphs 1 through 17 of Plaintiffs' complaint.

19. As to Paragraph 19 of the complaint, Polaris admits that it is engaged in the business of designing, in part, manufacturing, in part, assembling, in part, marketing, distributing, and selling recreational vehicles to authorized dealers. Polaris denies any remaining allegations in this paragraph.

20. As to paragraph 20 of the complaint, Polaris admits that 2014 Polaris RZR 1000-model vehicles are "high-performance recreational vehicle[s]," but lacks information sufficient to form a belief about the truth or falsity of the reference to unidentified "product advertising, photos and brochures," and therefore denies the same. Polaris denies any remaining allegations in this paragraph.

21. Polaris denies the allegations in Paragraph 21 of the complaint.

22. Polaris denies the allegations in Paragraph 22 of the complaint.

23. Polaris denies the allegations in Paragraph 23 of the complaint.

24. Polaris denies the allegations in Paragraph 24 of the complaint.

## SECOND CAUSE OF ACTION

(Strict Products Liability; Failure to Warn)

25. As to paragraph 25 of the complaint, Polaris repeats, re-alleges, and incorporates by reference its answers to paragraphs 1 through 24 of Plaintiffs' Complaint.

26. As to paragraph 26 of the complaint, Polaris admits that 2014 Polaris RZR 1000-model vehicles are "high-performance recreational vehicle[s]," but lacks information sufficient to form a belief about the truth or falsity of the reference to unidentified "product advertising, photos and brochures," and therefore denies the same. Polaris denies any remaining allegations in this paragraph.

27. Polaris denies the allegations in Paragraph 27 of the complaint.

28. Polaris denies the allegations in Paragraph 28 of the complaint.

29. Polaris denies the allegations in Paragraph 29 of the complaint.

30. Polaris denies the allegations in Paragraph 30 of the complaint.

## THIRD CAUSE OF ACTION

(Negligence)

31. As to paragraph 31 of the complaint, Polaris repeats, re-alleges, and incorporates by reference its answers to paragraphs 1 through 30 of Plaintiffs' Complaint.

32. Polaris denies the allegations in Paragraph 32 of the complaint.

33. Polaris denies the allegations in Paragraph 33 of the complaint.

## FOURTH CAUSE OF ACTION

(Loss of Consortium)

34. As to paragraph 34 of the complaint, Polaris repeats, re-alleges, and

incorporates by reference its answers to paragraphs 1 through 33 of Plaintiffs' Complaint.

35. As to Paragraph 35 of the complaint, Polaris lacks sufficient knowledge or information to form a belief about the truth or falsity of the allegations regarding the relationship between Plaintiff Frank Cauble and Laurie Cauble in this paragraph. Polaris denies and the remaining allegations in this paragraph.

## PRAYER FOR RELIEF

36. Polaris denies that Plaintiffs are entitled the relief requested in the "Prayer for Relief" section of the complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

37. Polaris is informed and believes, and on that basis alleges that Polaris is entitled to a set-off, should any damages be awarded in favor of plaintiffs and against Polaris, for the entire amount of all damages or settlement amounts recovered by Plaintiffs from or against any other party or third party with respect to the same alleged injuries. Polaris is also entitled to have damages that may be awarded to plaintiffs reduced by the value of any benefit or payment to plaintiffs from any collateral source.

### SECOND AFFIRMATIVE DEFENSE

38. Polaris is informed and believes, and on that basis alleges that Plaintiffs, and others whose conduct is imputable to Plaintiffs, were negligent in and about the matters and things alleged in the complaint and that negligence and fault contributed directly and proximately to the happening of the accident and to Plaintiffs' damages, if any, so that Plaintiffs' recovery, if any, shall be diminished by the proportion of said negligence and fault.

### THIRD AFFIRMATIVE DEFENSE

39. Polaris is informed and believes, and on that basis alleges that the damages Plaintiffs allege, if any, were either wholly or partially negligently caused or contributed to by the persons, firms, corporations, or entities other than Polaris, either

named or unnamed, and it is entitled to an apportionment among all such parties according to their responsibilities for such injuries and damages, if any, sustained by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

40. Polaris is informed and believes, and on that basis alleges that Plaintiffs, at the time and place alleged in the complaint, knowingly, voluntarily and freely placed themselves in an unsafe and dangerous position, and therefore assumed all resulting risks of injuries.

### FIFTH AFFIRMATIVE DEFENSE

41. Polaris is informed and believes, and on that basis alleges that the injuries and damages allegedly sustained by Plaintiffs, if any, were the direct and proximate result of the intervening and superseding actions of third parties, whether named or unnamed, and not Polaris.

### SIXTH AFFIRMATIVE DEFENSE

42. Polaris is informed and believes, and on that basis alleges that at the time the Polaris RZR referred to in the complaint was originally sold and delivered, it comported with the state of the art at the time of manufacture.

### SEVENTH AFFIRMATIVE DEFENSE

43. Polaris is informed and believes, and on that basis alleges that some or all of Plaintiffs' claims may be barred by the doctrines of estoppel, waiver, laches, or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

44. Polaris is informed and believes and on that basis alleges that Plaintiffs have not properly pled a claim for punitive damages and these damages are not recoverable based on the facts contained in Plaintiffs' Complaint, or are otherwise barred.

### NINTH AFFIRMATIVE DEFENSE

45. Polaris is informed and believes, and on that basis alleges that any award

of exemplary or punitive damages would violate Polaris' due process rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article One, Section Seven of the Constitution of the State of California, and would be improper under the common law and public policies of the State of California.

## TENTH AFFIRMATIVE DEFENSE

46. Polaris alleges that it may have additional affirmative defenses available that are not now fully known. Polaris reserves the right to assert additional affirmative defenses after they have been determined.

WHEREFORE, Defendant Polaris Industries Inc. prays as follows:

(1) Plaintiffs take nothing by their complaint;

(2) For judgment in favor of Polaris;

(3) For its costs; and,

(4) For such other and further relief as the court deems proper.

Dated: April 6, 2017                BOWMAN AND BROOKE LLP

                                    BY:  /s/ *Ryan L. Nilsen*
                                         Paul G. Cereghini
                                         Ryan L. Nilsen
                                         Ian G. Schuler
                                         Attorneys for Defendant, POLARIS INDUSTRIES INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2017, I electronically the foregoing documents with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 6, 2017, at San Diego, California.

/s/ *Ryan L. Nilsen*
Ian G. Schuler

POLARIS INDUSTRIES INC.'S ANSWER TO PLAINTIFFS' COMPLAINT