UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK CAUBLE AND LAURIE CAUBLE,<br><br>Plaintiffs,<br><br>v.<br><br>POLARIS INDUSTRIES, INC. AND DOES 1-50 inclusive,<br><br>Defendant. | Case No.: 17cv658-W(BLM)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER WITH MODIFICATIONS**<br><br>**[ECF NO. 14]** |

On June 21, 2017, counsel for Plaintiffs, Mr. Brett Schreiber, and counsel for Defendant, Mr. Ryan Nilsen and Mr. Ian Schuler contacted the Court regarding a dispute concerning their Joint Motion for Entry of Protective Order. ECF No. 13. The Court ordered the parties to file their joint motion for a protective order, which included the terms of their agreement for handling confidential documents and information, on or before June 28, 2017. Id. The Court further ordered that if the parties were unable to agree on the terms of the protective order, they should include a section clearly identifying the terms on which they are in disagreement and provide argument in support of their position. Id.

On June 28, 2017, in accordance with the Court's order, the parties filed a "Joint Motion for Protective Order." ECF No. 14. The parties agree on all of the terms of the Protective Order with the exception of the paragraph governing Qualified Persons. Id. at 3. The disputed provisions state:

>All material which Defendant designates as Confidential Information in this action shall be maintained in strict confidence by the parties to this action and pursuant to the terms of this Protective Order. The parties to this action shall not disclose or permit to be disclosed Confidential Information to any person or other entity, except to "Qualified Persons" who shall be defined to include:
>
>. . .
>
>c. Any governmental agency, which has oversight authority to study public safety issues pertinent to the Polaris vehicle at issue. However, at least 10 days before such data is furnished to the relevant governmental agency, the party making such disclosure shall give notice to the party that produced the materials in discovery to allow that party the opportunity to ask the governmental agency to maintain the materials as confidential;
>
>d. Counsel representing any party alleged to have been injured in an accident involving a Polaris UTV, provided they have first read this Stipulated Protective Order and have agreed to abide by its terms and have signed a written certification in the form attached as Exhibit "A."

Id. at 3.

Plaintiffs argue that the language in subparagraphs c and d above should be included in the protective order because restrictive confidentiality orders result in defendants forcing their opponents to "wastefully reinvent the wheel when conducting discovery" and "create a significant drag on the system." Id. at 3-4. Plaintiffs also argue that the proposed provisions do not permit limitless access to Defendant's confidential information and that Defendant's position is motivated by a desire to have each of its cases litigated in a vacuum. Id. at 4-5. Finally, Plaintiffs argue that the proposed language is in line with the language and intent of Federal Rule of Civil Procedure 26 in terms of proportionality and with the best practices recommended by the National Highway Transportation Safety Administration. Id. at 5-6.

Defendant argues that having its proprietary information and other highly sensitive information disseminated to large groups of people "involves a high risk of significant commercial harm to [Defendant]." Id. at 6. Defendant also argues that "[a]n open-ended sharing provision is inappropriate in this case" because it fails to "appropriately balance [Defendant's] right to

privacy and commercial sensitivity against purported need for others to have access to protected discovery materials in this case" and because Plaintiffs have not shown an overlap in the facts, parties, and issues or identified collateral litigants. Id. at 7-8. Defendant notes that Plaintiffs have failed to identify a single other case that involves the same recreational vehicle that is at issues in the instant matter. Id. at 10. Defendant further argues that the proposed sharing provision is not in line with Fed. R. Civ. P. 26(b)(1) which concerns discovery and not protective orders as the proposed language would lead to "fishing expedition discovery in cases where there is no overlap between parties, facts, issues, or products." Id. at 12. Finally, Defendant argues that the proposed governmental sharing language is overbroad and proposes alternate language for that provision. Id.

The Court agrees with Defendant and finds that Plaintiffs have failed to establish a legal or factual basis to allow Plaintiffs to share all of Defendant's confidential information with "any party alleged to have been injured in an accident involving a Polaris UTV." The Court, therefore, **DENIES** Plaintiffs' request to include this language. The Court agrees with Plaintiffs that relevant safety information should not be withheld from the NHTSA or other appropriate governmental authorities. The Court adopts the alternative language proposed by Defendant to govern the disclosure of such information. Accordingly, for good cause, the parties' motion for a protective order is **GRANTED** as follows:

1. Paragraph 3 should read as follows:
   All material which Defendant designates as Confidential Information in this action
   shall be maintained in strict confidence by the parties to this action and pursuant
   to the terms of this Protective Order. The parties to this action shall not disclose
   or permit to be disclosed Confidential Information to any person or other entity,
   except to "Qualified Persons" who shall be defined to include:

   a. Counsel of record for the parties in this action, and employees of such counsel
   who are actively engaged in assisting counsel with this action, provided they have
   first read this Protective Order and have agreed to abide by its terms;

   b. The responsible employee(s) of a corporate party charged with overseeing that
   party's participation in this action, provided they have first read this Protective

Order and have agreed to abide by its terms;

c. Independent experts and/or consultants retained by the parties to this action for the purpose of assisting in the preparation of this case, provided they have first read this Protective Order and have agreed to abide by its terms and have signed a written certification in the form attached as Exhibit "A." Counsel for all parties to this action shall maintain such certifications and shall provide copies of them to the producing party's counsel upon request within sixty (60) days following the conclusion of the case;

d. Witnesses, either by deposition or trial testimony, who may be shown and questioned about the Confidential Information and whose testimony as well as the information attached or submitted as exhibits, shall remain subject to this Protective Order; and

e. The court, court personnel, special masters, mediators, other persons appointed by the court in this action, and stenographic and other reporters with a written request that it be placed under seal pursuant to this Protective Order and in accordance with the laws applicable to the jurisdiction where this matter is pending.

2. A new provision, now paragraph 4[1], states as follows:

4. The parties to this Order agree that, upon the request of any party, relevant consumer product safety information will be provided to the Consumer Product Safety Commission, the National Highway Transportation Safety Administration, or other appropriate governmental authorities ("Governmental Authorities") under the provisions in this paragraph.

If any party seeks to provide Governmental Authorities consumer product safety information designated as CONFIDENTIAL INFORMATION, that party shall not provide such CONFIDENTIAL INFORMATION directly to the Governmental Authorities because such disclosures could become publicly available through Freedom of Information Act disclosures or other comparable disclosure obligations

---

[1] All remaining paragraphs should be renumbered accordingly.

of the Governmental Authorities. If any party seeks to provide CONFIDENTIAL INFORMATION to a Governmental Authority, that party shall ask Polaris to provide such CONFIDENTIAL INFORMATION to the Governmental Authority so Polaris can seek exemption from disclosure under applicable regulations and rules including, but not limited to: CPSA, 15 U.S.C. § 2055; the Trade Secrets Act, 18 U.S.C. § 1905, National Highway Traffic Safety Administration – Confidential Business Information. 49 CFR 512; and/or the Freedom of Information Act, 5 U.S.C. § 552(b).

Upon receipt of such a request from a party, Polaris shall have 30 business days to provide the CONFIDENTIAL INFORMATION to the Governmental Authority. Polaris may seek relief from this requirement but should it do so, this Stipulation and Protective Order shall be enforceable absent extraordinary circumstances.

3.  Old paragraph 5 (now paragraph 6) should read as follows: "The parties and their counsel who receive Confidential Information shall act to preserve the confidentiality of designated documents and information.  If any party to this action wishes to file Confidential Information with the court for any reason, it shall comply with the requirements of the court in which the matter is pending to file that information under seal to preserve its confidentiality.  No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it.  A sealing order may issue only upon a showing that the information is privileged or protectable under the law.  The request must be narrowly tailored to seek sealing only of the confidential or privileged material.  To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  **In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal.  In the public version, the party may redact only that information that is deemed 'Confidential.'  The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed**

1  **under seal and setting forth good cause for the request**."

2  **IT IS SO ORDERED**.

4  Dated:  7/11/2017

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge